IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVAIR DESOUSA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-3237 |
| | : | |
| THE CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                   **July 9, 2012**

Pro se Plaintiff Alvair DeSousa brings this action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, the Philadelphia Police Department, the Philadelphia District Attorney's Office, Assistant District Attorney (ADA) Marian Braccia, and "Ex P/O" Sharkey. The City of Philadelphia and the Philadelphia Police Department have filed a motion to dismiss DeSousa's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

**FACTS**

DeSousa's claims arise out of a March 30, 2008, incident in which Sharkey and other police officers invaded DeSousa's home, struck him in the head with a club, arrested him using excessive force, and arbitrarily incarcerated him.[1] Compl. ¶ III.C.; Statement of Julio Goncalves. Although DeSousa was seriously injured during the incident, suffering a broken jaw, hand, and collarbone, he was denied adequate medical treatment during his subsequent incarceration. Compl. ¶¶ III.C., IV.; Statement of Julio Goncalves. DeSousa also alleges the Police Department, the District Attorney's Office, ADA Braccia, and Sharkey maliciously prosecuted him. Compl. ¶ III.C.

---

[1] While it is not entirely clear from the Complaint when this incident occurred, at the oral argument on the City and the Police Department's motion to dismiss, DeSousa agreed the invasion of his home took place on March 30, 2008, as set forth in the Statement of Julio Goncalves attached to the Complaint and the exhibits to DeSousa's opposition to the motion to dismiss.

DeSousa filed the Complaint in this action in May 2011, and filed proof of service as to the City, the Police Department, the District Attorney's Office, and ADA Braccia in June 2011, indicating a process server had served the summons on a person designated by law to accept service of process on behalf of each of these Defendants. DeSousa also filed proof of service as to the "17th District," an entity not named in the Complaint; however, he explained at oral argument that the proof of service as to the 17th District reflected his service of Sharkey at his place of employment.

Notwithstanding DeSousa's proof of service, none of the Defendants responded to the Complaint. Accordingly, on October 7, 2011, this Court entered an Order directing DeSousa to pursue a default judgment against those Defendants who had been served, which DeSousa declined to do. In response to the Court's Order, the City of Philadelphia Law Department, to which a copy of the Order had been sent, filed the instant motion to dismiss on behalf of the City and the Police Department.[2]

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a district court first should separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must

---

[2] Although the City and the Police Department maintain they were not properly served, they nevertheless responded to the Complaint, construing this Court's October 7, 2011, Order as a determination that service had been effected. Defs.' Mem. 1.

accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Although DeSousa brings claims against both the City and the Police Department, the Police Department is not a separate legal entity from the City, and claims against the Police Department must therefore be brought against the City. *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005); 53 Pa. Stat. Ann. § 16257 (providing "no such department [of the City of Philadelphia] shall be taken to have had, since the passage of the act to which this is a supplement, a separate corporate existence, and hereafter all suits growing out of their transactions . . . shall be in the name of the city of Philadelphia"); *cf. Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating a municipality and its police department as a single entity for purposes of § 1983 liability). As a result, the Police Department will be dismissed as a party to this action, and DeSousa's claims against the Police Department will be construed as claims against the City. *See Butler v. City of Phila.*, No. 12-1955, 2012 WL 1605759, at *3 (E.D. Pa. May 4, 2012) (dismissing the Philadelphia Police Department as a party "because it may not be sued as a separate entity from the City").

With respect to such claims against the City, a municipality may be liable under § 1983 only when the action that is alleged to be unconstitutional represents "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The Third Circuit has described the requirements for establishing a government policy or custom

3

sufficient to support municipal liability under § 1983 as follows:

> Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law.

*McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted). In addition, "[c]ustom requires proof of knowledge and acquiescence by the decisionmaker." *Id.*

To allege a plausible § 1983 claim against the City of Philadelphia, DeSousa must identify a custom or policy that caused a violation of his constitutional rights, and must "specify what exactly that policy or custom was." *Id.* Because the Complaint does not identify any such policy or custom, DeSousa's § 1983 claims against the City will be dismissed without prejudice.[3] However, the Court will give DeSousa an opportunity to file an amended complaint to cure the deficiencies identified herein.[4]

An appropriate order follows.

---

[3] In his opposition to the motion to dismiss, DeSousa describes an unwarranted invasion of his home by police officers who assaulted him and filed false criminal charges against him, but he does not allege the police officers acted pursuant to a municipal policy or custom, much less "specify what exactly that policy or custom was." *Id.*

[4] At oral argument, the City argued for the first time that DeSousa's claims arising out of the March 30, 2008, invasion of his home are barred by the two-year statute of limitations applicable to § 1983 claims in Pennsylvania because DeSousa did not file the Complaint in this case until May 18, 2011, more than three years after the incident. Although this argument appears meritorious as to DeSousa's claims other than malicious prosecution, because the City raised it for the first time at oral argument and DeSousa has not had an opportunity to respond, this Court will not address the merits of the argument herein.

BY THE COURT:


<u>     /s/ Juan R. Sánchez          </u>
Juan R. Sánchez, J.