IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVAIR DESOUSA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-3237 |
| | : | |
| THE CITY OF PHILADELPHIA, et al. | : | |

MEMORANDUM

**Juan R. Sánchez, J.**　　　　　　　　　　　　　　　　　　　　　　　　December 3, 2012

　　　　Pro se Plaintiff Alvair DeSousa brings this action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, the Philadelphia Police Department, the Philadelphia District Attorney's Office, Assistant District Attorney (ADA) Marian Braccia, and "Ex P/O" Sharkey. The District Attorney's Office and ADA Braccia have filed a motion to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

**FACTS**[1]

　　　　DeSousa's claims arise out of a March 30, 2008, incident in which Sharkey and other police officers invaded DeSousa's home, struck him in the head with a club, arrested him using excessive force, and arbitrarily incarcerated him. Compl. ¶ III.C.; Statement of Julio Goncalves. Although DeSousa was seriously injured during the incident, suffering a broken jaw, hand, and collarbone, he was denied adequate medical treatment during his subsequent incarceration. Compl. ¶¶ III.C., IV.; Statement of Julio Goncalves. With regard to the District Attorney's Office and ADA Braccia in particular, the Complaint alleges these Defendants (together with the Police Department and Sharkey) maliciously prosecuted DeSousa. Compl. ¶ III.C. The Complaint also mentions ADA

---

[1] The following facts are drawn from the allegations of DeSousa's Complaint and the attached statement of Julio Goncalves, which this Court must accept as true in evaluating a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (holding a district court may consider exhibits attached to the complaint in deciding a Rule 12(b)(6) motion).

Braccia's name in relation to Sharkey's attack on DeSousa, alleging "P/O Dang #6483 and a mob of undisclosed office[r]s assisted Mr. Sharkey in the brutal attack, and lastly District Attorney Braccia, Esq." *Id.*  However, it is not at all clear what, if anything, DeSousa contends Braccia did in connection with the attack.

**DISCUSSION**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a Rule 12(b)(6) motion, a district court first should separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11.  The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Where, as here, the plaintiff is proceeding pro se, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

A municipal entity such as the District Attorney's Office may be liable under § 1983 only when the action that is alleged to be unconstitutional represents "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  The Third Circuit Court of Appeals has described the requirements for establishing a government policy

or custom sufficient to support municipal liability under § 1983 as follows:

> Policy is made when a decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanently and well-settled as to virtually constitute law.

*McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotation marks and citations omitted). In addition, "[c]ustom requires proof of knowledge and acquiescence by the decisionmaker." *Id.* To allege a plausible § 1983 claim against the District Attorney's Office, DeSousa must identify a custom or policy that caused a violation of his constitutional rights, and must "specify what exactly that policy or custom was." *Id.* Because the Complaint does not identify any such policy or custom, DeSousa's § 1983 claims against the District Attorney's Office will be dismissed. *Burton v. Russel*, No. 91-6629, 1991 WL 236481, at *1 (E.D. Pa. Nov. 4, 1991) (dismissing § 1983 claim against the Philadelphia District Attorney's Office where complaint did not allege "unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations, or enactments"). Moreover, because the District Attorney's Office is not a separate legal entity that may be sued pursuant to § 1983, further amendment would be futile, and the claims against the District Attorney's Office are therefore dismissed with prejudice. *See Thompson v. Police Dep't of Phila.*, No. 10-6083, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011).

    A claim against a governmental actor in her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Thus, to establish such a claim, a plaintiff must show "an official who has the power to make policy is responsible for either

the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Patterson v. City of Phila.*, No. 08-2140, 2009 WL 1259968, at *10 (E.D. Pa. May 1, 2009) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  As Defendants note, however, under Pennsylvania law, assistant district attorneys do not possess policymaking authority for the District Attorney's Office. *Id.*; *see also Payson v. Ryan*, No. 90-1873, 1992 WL 111341, at *11 (E.D. Pa. May 14, 1992), *aff'd*, 983 F.2d 1051 (3d Cir. 1992).  As a result, ADA Braccia cannot be held liable in her official capacity as a matter of law, and DeSousa's claims against her in her official capacity will be dismissed with prejudice.

Finally, a prosecutor is entitled to absolute immunity from a suit for damages under § 1983 for acts taken in the course of "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Here, DeSousa's principal allegation against ADA Braccia is that she maliciously prosecuted him.  Because this claim concerns ADA Braccia's performance of her official duties as a prosecutor, she is immune from suit based on such allegations, and DeSousa's malicious prosecution claim against Braccia will be dismissed with prejudice. *See Schlichten v. Cnty. of Northampton*, 279 F. App'x 176, 178 (3d Cir. 2008) (affirming dismissal of § 1983 malicious prosecution claim against prosecutor based on absolute immunity).  Although DeSousa also mentions ADA Braccia's name in connection with the attack by Sharkey and other officers, it is not clear whether DeSousa contends Braccia actually participated in the attack and, if so, how.  Because DeSousa fails to allege ADA Braccia was personally involved in the attack in some way, this claim will also be dismissed. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").  However, this Court will permit DeSousa to amend his Complaint to correct this

4

deficiency.  *See Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877, 879 (3d Cir. 2008) (holding when dismissing a pro se civil rights complaint, a district court must grant leave to amend, "even if the plaintiff does not request it, unless amendment would be futile or leave to amend is not warranted for some other reason").

For the reasons set forth above, the District Attorney's Office and ADA Braccia's motion to dismiss will be granted.  DeSousa's claims against the District Attorney's Office will be dismissed with prejudice.  DeSousa's claims against ADA Braccia in her official capacity and his malicious prosecution claim against ADA Braccia in her individual capacity will also be dismissed with prejudice.  To the extent DeSousa is asserting a claim against ADA Braccia in her individual capacity based on her alleged involvement in the attack on DeSousa by Sharkey and other police officers, this claim is dismissed without prejudice.

An appropriate order follows.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, J.